EFRUSY v. MACK.

1. ABSTRACTS OF TITLE—MARKETABLE TITLE—CONTRACTS—RESCIS-
SION.
   Where a contract for the purchase of land calls for an
   abstract showing a marketable title, the purchaser has
   a right to rely upon the abstract, and if that does not
   show a marketable title, he is justified in refusing to
   accept the property.

2. EXCHANGE OF PROPERTY — ABSTRACTS OF TITLE — MARKETABLE
TITLE—BREACH OF CONTRACT.
   In an action for the breach of a contract for an exchange
   of lands, where the contract called for a merchantable
   abstract, and the one furnished by plaintiffs showed title
   in a third party, a verdict was properly directed for de-
   fendants.

Error to Livingston; Collins (Joseph H.), J. Sub-
mitted April 19, 1922. (Docket No. 77.) Decided
June 5, 1922.

Assumpsit by Samuel Efrusy and another against
Frank Mack and another for breach of a contract for
the exchange of certain real property. Judgment for
defendants on a directed verdict. Plaintiffs bring
error. Affirmed.

*Harry H. Wait,* for appellants.
*D. F. Noble* and *L. E. Howlett,* for appellees.

CLARK, J. Defendants owned a farm in Livingston
county. Plaintiffs claimed to own real estate in De-
troit. They made in writing an agreement to ex-
change. The agreement in part:

"This agreement in duplicate made and entered into
this fifth day of April, 1920, by and between Samuel

On the question as to what is marketable title, see note in
38 L. R. A. (N. S.) 1.

Efrusy and his wife, of the city of Detroit, county of Wayne and State of Michigan, parties of the first part, and Frank Mack and his wife, of Livingston county, Michigan, parties of the second part.

"In consideration of an exchange, and further considerations hereinafter set forth, the parties hereto agree as follows: The parties of the first part agree to exchange and sell to the parties of the second part the following . property (description): The price of this property is $65,000; total encumbrances of $30,000, payable at the rate of $800 per year or more, and interest at 6 per cent.

"The parties of the second part agree to exchange with and sell to the parties of the first part, for the first above mentioned property and other considerations as set forth, the following property (description): The purchase price of this farm is $26,875 and a further consideration of $8,125 in cash or stock. * * *

"Said deal to be closed on or before 35 days from date, or as soon as abstract is brought down to date and title passed. Each party to furnish an abstract showing merchantable title."

The parties and counsel met to make the exchange. Defendants were ready and willing to perform fully on their part. Plaintiff produced an abstract, not brought down to date, showing title in the Standard Mortgage & Loan Company. Later another meeting was had. Again the abstract showed title as above of the land which plaintiffs were to convey, but an entry thereon stated:

"Affidavit of A. Louis Gordon, a copartner in the Preferred Security Company of Detroit, volume 1086 of deeds, page 539, No. 370,614. Affiant being duly sworn, deposes and says that on May 16, 1916, a conditional assignment was made of the equitable interest that Samuel Efrusy and Pauline Efrusy had in the following premises, to wit (description): which interest was derived by a land contract from Elon J. Dwyer, who was vendor, and said Samuel Efrusy was the vendee. That said assignment was conditional upon the payment of $2,815, and said affiant further

says that there is still due and owing on said conditional assignment the sum of $2,815, for which amount the said affiant claims a lien upon the equitable interest in the said premises and considers the assignment of the land as absolute with the right of possession. Affiant further says not.

"Recorded August 30, 1916, 8:30 a. m."

Plaintiffs attempted an improvement of the title but did not furnish any other or different abstract. The record indicates that plaintiffs were purchasers in a land contract but the contract was not offered in evidence, nor was it otherwise shown by the abstract. Defendants declined to make the exchange for the reasons stated. Plaintiffs' declaration is planted upon the agreement, avers a full compliance therewith by them, claims a breach by defendants, and seeks damages therefor. Plaintiffs contend that it was error to direct a verdict for defendants and to enter judgment thereon.

The abstract did not show merchantable title in plaintiffs, and therefore defendants were justified in refusing to accept. It is said in a note citing many authorities in 38 L. R. A. (N. S.) 8:

"Where the contract calls for an abstract showing a marketable title the purchaser has a right to rely upon the abstract, and if that does not show a marketable title, he is justified in refusing to accept the property."

And in *Lake Erie Land Co.* v. *Chilinski*, 197 Mich. 214:

"If an abstract does not on its face show a merchantable title, and it requires parol proof to establish the fact that the title is a merchantable one, a contract agreeing to furnish an abstract showing a merchantable title is not complied with. The abstract itself must furnish the evidence that the title is merchantable."

One to whom an abstract showing merchantable

title has been promised as a condition precedent is not bound to accept any evidence thereof except that contained in the abstract.    See *Ogooshevitz* v. *Arnold,* 197 Mich. 203, and cases there cited.    Whether an abstract shows a title is a question of law.    *Bradway* v. *Miller,* 200 Mich. 648.    An abstract is insufficient if it shows title outstanding in a stranger.    Maupin on Marketable Title, p. 793.

Judgment affirmed.

FELLOWS, C. J., and WIEST, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.