BARBER v. LANG.

1. VENDOR AND PURCHASER — ABSTRACTS — MERCHANTABLE TITLE MUST BE SHOWN ON FACE OF ABSTRACT.

   If an abstract does not show on its face a merchantable title, and requires parol proof to establish the fact that the title is a merchantable one, a contract agreeing to furnish an abstract showing a merchantable title is not

[1]Vendor and Purchaser, 39 Cyc. p. 1519.

complied with, since the abstract itself must furnish the evidence that the title is merchantable.

2. SPECIFIC PERFORMANCE—VENDOR'S FAILURE TO FURNISH MERCHANTABLE ABSTRACT EXCUSES PERFORMANCE BY VENDEE.

A contract for the conveyance of land calling for the furnishing of an abstract showing a merchantable title may not be specifically enforced by the vendor where the abstract tendered did not show a merchantable title, even if the vendee had previous knowledge of the defects shown, which were of such nature as could be remedied, and he is not sincere in urging this as his reason for refusing to perform.

Appeal from Wayne; Gilbert (Parm. C.), J., presiding. Submitted October 7, 1926. (Docket No. 39.) Decided December 8, 1926.

Bill by Herbert K. Barber and others against Edward P. Lang and another for specific performance of a land contract. From a decree for plaintiffs, defendants appeal. Reversed, and bill dismissed.

*Benjamin S. Pagel,* for plaintiffs Barber.

*J. H. M. Alexander,* for defendants.

SNOW, J. August 3, 1925, Mr. Barber, one of the plaintiffs, and Mr. Lang, one of the defendants, agreed in writing to exchange properties. This agreement provided that Barber, on or before August 14th following, was to close the sale to Lang of

"lots four and five (4) and (5) as subdivided by Edward G. Kay, fronting on Lake Shore (Lake St. Clair) and lying between Jefferson avenue and Lake St. Clair in the township of Lake,"

and agreed that—

"the purchaser shall receive an abstract of title, certified as near to this date as practicable, showing marketable title and free from liens and incumbrances,

[2] Specific Performance, 36 Cyc. p. 696; Vendor and Purchaser, 39 Cyc. p. 1513; 25 R. C. L. 275; 4 R. C. L. Supp. 1579.

except such building and other restrictions as are of record affecting this property, except (present incumbrance) none."

Mr. Lang refused to accept conveyance of this property, claiming that he did not receive an abstract of title showing a marketable title as provided for in the agreement, in that the abstract disclosed:

(1) That there was no plat embracing the land to be conveyed, which had ever been placed on record.

(2) That there was no Kay subdivision.

(3) That the land consisted of two parcels, one owned by a stranger (Mr. Kay) and described by metes and bounds subject to an express easement.

The rule of law governing a contract provision of this kind is well settled.

"If an abstract does not on its face show a merchantable title, and it requires parol proof to establish the fact that the title is a merchantable one, a contract agreeing to furnish an abstract showing merchantable title is not complied with. The abstract itself must furnish the evidence that the title is merchantable." *Lake Erie Land Co.* v. *Chilinski,* 197 Mich. 214.

See, also, the following: *Efrusy* v. *Mack,* 219 Mich. 85; *Ogooshevitz* v. *Arnold,* 197 Mich. 203, and cases cited at page 208.

This rule is not seriously questioned by counsel for plaintiffs, but he calls attention to the following provision in the contract:

"It is understood that the seller has title to lot 5 and that the balance of $3,000, approximately, on lot 4, will be taken care of by H. K. Barber if call is made for the balance which is now liable to collection at the option of Edward G. Kay."

This provision, counsel insists, modifies that "concerning the proofs of title by abstract." He claims that Mr. Lang knew that plaintiff was buying one of the lots from Kay on contract, although such knowledge was denied by Lang upon the trial. Counsel also in-

sists that all other objections to the defective abstract have been met and overcome so that now plaintiff has a merchantable title to the property. Neither of these positions is well taken. If the abstract as offered failed to show on its face a merchantable title as agreed upon, the purchaser was not bound to accept a conveyance, even though he may have had previous knowledge of the defects in title, which were, however, of such nature as required some action to be taken by the seller to remedy them. That such action was necessary in the instant case was recognized by the decree of the trial court, which recites:

"And it appearing to the court that a good title can be made by plaintiff to the lands and premises to be conveyed by him, according to the terms and conditions of the agreement of the parties to this cause mentioned therein and dated August 3, 1925."

It is clear the abstract failed to show marketable title in the particulars above mentioned, and even though, as is claimed by plaintiff, the defendant may not now be sincere in urging this as his reason for failure to perform his part of the agreement, still the failure of plaintiff to furnish an abstract, showing merchantable title in him, excuses defendant from proceeding further, and bars plaintiff's right to specific performance.

Other questions raised in the briefs do not require consideration.

The plaintiffs Chamberlain and Sheen were not mentioned by the decree of the trial court, and they took no appeal.

Plaintiffs Herbert K. Barber and wife, not being entitled to the relief prayed or granted them, a decree may be entered dismissing their bill of complaint, with costs against them of both courts.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.